**IT IS ORDERED as set forth below:**



**Date: February 21, 2017**

_____

**Mary Grace Diehl
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| In re: | : | CASE NUMBER: |
|---|---|---|
| | : | |
| **JAMES MICHAEL CRAIG,** | : | **16-59582-MGD** |
| | : | |
| Debtor. | : | CHAPTER 7 |
| _____ | : | |

**ORDER DENYING UNITED STATES TRUSTEE'S MOTION TO DISQUALIFY
ATTORNEY HOWARD ROTHBLOOM AND THE ROTHBLOOM LAW FIRM**

This case is before the Court on the United States Trustee's Motion to Disqualify Attorney Howard Rothbloom and the Rothbloom Law Firm (the "Motion") (Doc. 43). The U.S. Trustee seeks to disqualify Debtor's attorney, Mr. Rothbloom, and his firm from representing Debtor's non-filing spouse, Jeannie M. Fox Craig, in a Rule 2004 examination to be taken in Debtor's bankruptcy case. The Court held a hearing on the Motion on Thursday, January 12, 2017. For the reasons stated below and on the record at the hearing, the Motion is **DENIED**.

## I. Background

Debtor filed for relief under chapter 7 of the Bankruptcy Code on June 3, 2016. On September 12, 2016, the U.S. Trustee filed a Motion for Extension of Time to File a Complaint Objecting to Discharge Under Section 727 (Doc. 22), and a consent order was entered on that motion on October 14, 2016 (Doc. 28). The U.S. Trustee subsequently conducted a consensual Rule 2004 examination of Debtor to investigate whether a motion to dismiss Debtor's case for bad faith or an objection to Debtor's discharge is warranted. After the Rule 2004 examination of Debtor, the U.S. Trustee sought to also conduct a Rule 2004 examination of Debtor's non-filing spouse, at which point Mr. Rothbloom informed the U.S. Trustee that he represented both Debtor and Debtor's non-filing spouse. The U.S. Trustee then filed this Motion, contending that Mr. Rothbloom is barred from representing both Debtor and the non-filing spouse due to a conflict of interest and should therefore be disqualified as counsel for the non-filing spouse.

## II. A Party's Right to Choose Counsel and A Lawyer's Duties

A party is presumptively entitled to the right to choose his or her counsel. *Herrmann v. Gutterguard, Inc.*, 199 Fed. Appx. 745, 752 (11th Cir. 2006) (quoting *Norton v. Tallahassee Mem'l Hosp*, 689 F.2d 938, 941 n.4 (11th Cir. 1982)). Nevertheless, the right to choose counsel "must be balanced against the need to maintain the highest standards of the profession." *In re Cabe & Cato, Inc.*, 524 B.R. 870, 877 (Bankr. N.D. Ga. 2014) (Mullins, J.). A lawyer has two main ethical duties: the duty of confidentiality and the duty of loyalty. *Id.* The lawyer's duty of confidentiality fosters full and open communication between client and counsel, and the duty of loyalty to the client both protects the client and preserves public trust in the "scrupulous administration of justice and the integrity of the bar." *Id.*

**III.    The Legal Standard for Disqualification of Counsel**

The party moving to disqualify counsel bears the burden of proving the grounds for disqualification. *Herrmann*, 199 Fed. Appx. at 752. As a general rule, motions to disqualify counsel are disfavored. *Rosen v. Protective Life Ins. Co.*, 2010 U.S. Dist. LEXIS 50392, *39 (N.D. Ga. May 20, 2010). The importance of a client's right to choose counsel requires that any curtailment of that right be approached great caution. *Herrmann,* 199 Fed. Appx. at 752. Therefore, disqualification of chosen counsel should be seen as an extraordinary remedy and should be granted sparingly. *Herrmann,* 199 Fed. Appx. at 752 ("A disqualification order 'is a harsh sanction, often working substantial hardship on the client,' and should therefore 'be resorted to sparingly'") (quoting *Norton*, 689 F.2d at 941 n.4). Consequently, the moving party must have "compelling reasons" to disqualify counsel. *Herrmann,* 199 Fed. Appx. at 752. When the moving party seeks to disqualify counsel based on a conflict of interest, the party must "provide *substantiation* not only that the joint representation of multiple parties poses a potential conflict of interest but also that the conflict is 'sufficiently serious' to preclude the representation . . . ." *Herron v. Chisolm*, 2012 U.S. Dist. LEXIS 180297, *8 (S.D. Ga. Dec. 19, 2012). "A possible conflict [of interest] in itself does not preclude representation." Ga. Rules of Prof'l Conduct R. 1.7, cmt. 4.

**IV.    The Georgia Rule of Professional Conduct on Conflicts of Interest**

Motions to disqualify are governed by two sources of authority: (1) the Georgia Rules of Professional Conduct contained in the Rules and Regulations of the State Bar of Georgia and the judicial decisions interpreting those rules, and (2) federal common law and the American Bar Association Model Rules of Professional Conduct, to the extent that they are not inconsistent

with the Georgia Rules. *Herrmann,* 199 Fed. Appx. at 752; BLR 9010-3, N.D. Ga; LR 83.1C, N.D. Ga.

Georgia Rule of Professional Conduct 1.7[1] provides the general conflict of interest rule: a lawyer "shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client . . . will materially and adversely affect the representation of the client . . . ." Ga. Rule Prof'l Conduct R. 1.7(a). Loyalty to a client is "impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other competing responsibilities or interests." Ga. Rules of Prof'l Conduct R. 1.7, cmt. 4. Thus, if the interests of another client may impair the lawyer's independent professional judgment or in any way foreclose alternatives that would otherwise be available to the client, the lawyer is prohibited from undertaking simultaneous

---

[1] (a) A lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client, except as permitted in (b).

(b) If client informed consent is permissible a lawyer may represent a client notwithstanding a significant risk of material and adverse effect if each affected client or former client gives informed consent, confirmed in writing, to the representation after:

    (1) consultation with the lawyer pursuant to Rule 1.0(c);
    (2) having received in writing reasonable and adequate information about the material risks of and reasonable available alternatives to the representation; and
    (3) having been given the opportunity to consult with independent counsel.

(c) Client informed consent is not permissible if the representation:

    (1) is prohibited by law or these Rules;
    (2) includes the assertion of a claim by one client against another client represented by the lawyer in the same or substantially related proceeding; or
    (3) involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients.

The maximum penalty for a violation of this Rule is disbarment.

Ga. Rules of Prof'l Conduct R. 1.7.

representation. *Adkins v. Hosp. Auth. of Hous. Cnty.,* 2009 U.S. Dist. LEXIS 97361, *25 (M.D. Ga. Oct. 20, 2009) (citing Ga. Rules of Prof'l Conduct R. 1.7, cmt. 4)."

The Rule further provides that "notwithstanding a significant risk of material and adverse effect," an attorney may still simultaneously represent the affected clients if each gives informed consent. Ga. Rule Prof'l Conduct R. 1.7(b). Even informed consent, however, may be impermissible in certain circumstances. Ga. Rules of Prof'l Conduct R. 1.7. A lawyer may not properly ask for informed consent in a situation in which "a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances . . . ." Ga. Rules of Prof'l Conduct R. 1.7, cmt. 5.

## V. Discussion

The U.S. Trustee contends that Debtor and his non-filing spouse have divergent and conflicting interests relating to their marital property, and by representing both, Mr. Rothbloom would be violating conflict of interest ethics rules, warranting disqualification. At the hearing, the U.S. Trustee provided numerous examples of potential conflicts that may arise but failed to allege any actual, current conflicts.

First, the U.S. Trustee asserts that if Debtor obtains a discharge, his non-filing spouse will be left as the sole obligor on several debts, and that the impact of a potential future divorce will negatively affect her as the sole obligor on the debts, resulting in a conflict of interest. The U.S. Trustee further argues that the non-filing spouse may have information that will impact a motion to dismiss and objection to discharge that the U.S. Trustee may file, resulting in a conflict of interest. These arguments set forth only *potential* future conflicts. The U.S. Trustee has failed to

5

provide any evidence of any actual, current conflict that would materially and adversely affect the representation of either party.

In any case, had the U.S. Trustee successfully argued that an actual conflict of interest did exist, Debtor and his non-filing spouse each gave informed consent in writing, after consultation with Mr. Rothbloom, having received in writing reasonable and adequate information about the material risks of and reasonable available alternatives to the representation, and having been given the opportunity to consult with independent counsel as required by Rule 1.7(b).  Further, Debtor's non-filing spouse testified at the hearing that she understands that she has the opportunity to consult and retain other counsel and that she understands that conflicts may arise in the future that would interfere with Mr. Rothbloom representing both her and her husband. Finally, the U.S. Trustee failed to put forward any evidence that a conflict, had it existed, would not be waivable.

In short, a disqualification order from this Court would require that an *actual* conflict of interest exist that is *not* waivable.  Because the U.S. Trustee failed to establish that such a conflict exists, the U.S. Trustee did not meet his burden of proving the grounds for disqualification.

## VI. Conclusion

The Court finds that there is no conflict of interest that prevents Mr. Rothbloom and his law firm from representing Debtor in his bankruptcy case and concurrently representing Debtor's non-filing spouse in a Rule 2004 examination.  Accordingly, it is

**ORDERED** that the United States Trustee's Motion to Disqualify Attorney Howard Rothbloom and the Rothbloom Law Firm (Doc. 43) is **DENIED**.

The Clerk is directed to serve a copy of this Order upon Debtor, Debtor's counsel, Jeannie M. Fox Craig, the U.S. Trustee, the Chapter 7 Trustee, and the Chapter 7 Trustee's counsel.

**END OF DOCUMENT**